**Grisel VAZQUEZ–ORTA, Plaintiff**

v.

**Michael J. ASTRUE, Commissioner of Social Security, Defendant.**

**Civil No. 08–1086 (JAG).**

United States District Court, D. Puerto Rico.

Sept. 29, 2008.

---

**16.** Document nos. 55, 57, and 66.

**17.** Document nos. 54 and 56.

**18.** Document no. 61.

**19.** Document no. 62.

Melba N. Rivera–Camacho, Melba N. Rivera Camacho & Assoc., Carolina, PR, for Plaintiff.

Ginette L. Milanes, U.S. Attorney's Office, District of Puerto Rico, San Juan, PR, for Defendants.

## OPINION AND ORDER

GARCIA–GREGORY, District Judge.

Pending before the Court is Michael J. Astrue's (the "Commissioner") Motion to Dismiss. (Docket Nos. 7, 8, and 10). For the reasons set forth below, the Court **GRANTS** the Commissioner's Motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On August 22, 2007, Plaintiff Grisel Vazquez–Orta's ("Plaintiff") application for disability insurance benefits under Title II of the Social Security Act was denied at the hearing level. Plaintiff requested Appeals Council review of the hearing decision and the Appeals Council denied that request. On November 2, 2007, the Appeals Council's Notice of Denial of Request for Review was mailed to Plaintiff. The notice sent to Plaintiff indicated that she had sixty (60) days starting with the date of receipt of the Appeals Council's Notice of Denial of Request for Review, to request judicial review of the Administrative Law Judge's ("ALJ") decision. (Docket No. 10).

On January 18, 2008, Plaintiff filed the present complaint. (Docket No. 1). Thereafter, the Commissioner filed his Motion to Dismiss alleging that Plaintiff's complaint should be dismissed because it is time barred. According to the Commissioner, Plaintiff filed her complaint past the allowed sixty (60) day time period. (Docket Nos. 7, 8, and 10). Plaintiff did not oppose the Commissioner's motion.

## DISCUSSION

Section 205(g) of the Social Security Act provides as follows:

Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. 42 U.S.C. § 405(g).

According to Section 205(g), there is a sixty (60) day limit for seeking judicial review of an adverse Social Security-benefits determination. *See McDonald v. Secretary of Health & Human Services,* 795 F.2d 1118, 1121 (1st Cir.1986). "[T]he 60–day filing period set forth in 42 U.S.C. § 405(g) is not jurisdictional, but rather constitutes a statute of limitations." *Piscopo v. Secretary of Health & Human Servs.,* 1994 WL 283919, at *3, 1994 U.S.App. LEXIS 16155, at *10 (1st Cir. Mass. June 27, 1994). 20 C.F.R. § 422.210(c) makes the date that the claimant receives the Secretary's notice of decision the trigger point for statute of limitations purposes. *Id.* at *3, 1994 U.S.App. LEXIS 16155, at *11. "Moreover, 20 C.F.R. § 422.210(c) creates a rebuttable presumption that the date of receipt is five days after the mailing of such notice unless

the plaintiff makes 'a reasonable showing to the contrary.'" *Id.*

It is undisputed that the Appeals Council dated and mailed its decision to Plaintiff on November 2, 2007. Under 20 C.F.R. § 422.210(c), the Commissioner is entitled to a rebuttable presumption that Plaintiff received this decision five days later on November 7, 2007. Any civil action for judicial review of the ALJ's decision must have been commenced sixty days thereafter, i.e., by January 7, 2008. Since Plaintiff filed her complaint on January 18, 2008, eleven days after the sixty (60) day limit had expired, this Court holds that the present complaint is time barred and, therefore, should be dismissed.

See also 561 F.Supp.2d 194.

### CONCLUSION

For the reasons stated above, the Court hereby **GRANTS** the Commissioner's Motion to Dismiss. (Docket Nos. 7, 8, and 10). Accordingly, this case shall be dismissed. Judgment shall be entered dismissing the case at bar.

IT IS SO ORDERED.